PIONEER BUILDING AND LOAN ASSOCIATION V. S. E. GRAY ET AL.

No. 7254. Decided March 1, 1939.
(125 S. W., 2d Series, 284.)

510

*Street & Street,* of Waco, for appellant.

Plaintiff having brought its suit in McLennan County upon a note payable in said county, and said note being secured by a deed of trust on real estate in Milam County, seeking judgment on its note and for a foreclosure of its lien, all persons interested in said real property in such a way as that their rights will be affected by a decree foreclosing said lien are necessary party to the foreclosure proceedings, and defendant Gray, claiming an interest in the note and deed of trust is a necessary party to such proceedings and may be compelled to litigate his right in McLennan County, even though he be a resident of Walker County, and it was error for the trial court to sustain his plea of privilege. Jones-Yates Co. v. Harrison, 96 S. W. (2d) 238; Carter v. Attoway, 46 Texas 108; Cobb v. Barber, 92 Texas 309, 47 S. W. 963.

*Henderson, Kidd & Henderson,* of Cameron, for appellee.

As the suit was to establish an indebtedness of Max and Nettie Collins and to foreclosure a deed of trust upon real estate in Milam County, securing its payment, appellee Gray was not a necessary party to the suit to establish the debt, although he had subsequently acquired the property but had not as yet assumed the payment of the debt, and since neither of the defendants was a resident of McLennan County and the real estate sought to be foreclosed upon was not situated in McLennan County, appellee's plea of privilege was properly sustained. Henderson Grain Co. v. Russ, 122 Texas 620, 64 S. W. (2d) 347; Birdwell v. Butler, 13 Texas 338; Gulf Refining Co. v. Lipscomb, 41 S. W. (2d) 248.

Mr. Judge Hickman delivered the opinion of the Commission of Appeals.

This case is before us on certificate from the Court of Civil Appeals, Tenth District, at Waco. The certificate discloses that the appeal is from an order of the District Court of McLennan County sustaining a plea of privilege interposed by S. E. Gray to be sued in Walker County, the county of his residence. In its petition in the trial court appellant declared upon a note executed by Max Collins and wife, Mrs. Nettie Collins, payable to appellant at Waco, McLennan County, Texas, and secured by a deed of trust lien upon certain real estate situated in Milam County, Texas. It was alleged that thereafter Max Collins died, and Mrs. Nettie Collins, his surviving widow, duly qualified as independent executrix of his estate, and that she later conveyed the mortgaged property to appellee Gray. The

prayer of appellant's petition, according to the certificate, was "that the amount of its debt be determined and established as a lien against the property described in said deed of trust, and that such lien be foreclosed." Mrs. Collins filed a formal answer. Appellee Gray filed a plea of privilege asserting his right to be sued in Walker County. Quoting from the certificate:

"* * * Appellant, in response to such plea, asserted by controverting affidavit that the note aforesaid and the deed of trust securing the same constituted a contract in writing which the signers thereof agreed to perform in McLennan County, and that, as recited in its original petition, Mrs. Collins had conveyed the mortgaged property to appellee, Gray, who was then and there in possession thereof and holding and claiming the same. A hearing was had on the plea of privilege and affidavit controverting the same, at which it was agreed in open court that Mrs. Collins resided in Milam County, appellee in Walker County, and that appellant's note was unpaid. It was further agreed that appellee carried fire insurance on the property. In addition to such agreement, the note, deed of trust and a deed from Mrs. Collins to Gray conveying the mortgaged property were introduced in evidence. The consideration in said deed was $1.00 cash and that the grantee should take the property subject to an indebtedness in favor of appellant in the sum of $5390.00, more or less. No further evidence was introduced. The court sustained the plea of privilege, retained jurisdiction of the cause of action against Mrs. Collins and ordered the cause of action against said Gray transferred to the District Court of Walker County.

"* * *

"The issue involved is whether, in a suit by a mortgage holder to foreclose his mortgage against the original mortgagor and such mortgagor has, prior to the institution of such suit, conveyed all his right, title and interest in and to the mortgaged property to another and the mortgage holder has notice of such conveyance, such purchaser is a necessary party to the suit within the meaning of subdivision 29a of Article 1995 of our Revised Statutes.

The question certified is as follows:

"Is appellee Gray, under the facts hereinbefore recited, a necessary party to this suit, within the meaning of subdivision 29a of Article 1995 of our Revised Statutes as aforesaid?"

The certificate is accompanied by an opinion by Chief Justice Gallagher announcing the same conclusions that are announced by us below.

Admittedly, the suit was maintainable in McLennan County, as against the executrix, under exception 5 of Article 1995, providing, in effect, that a party may be sued on an obligation in any county in which he has contracted in writing to perform such obligation.

Article 1995 provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" Follow then exceptions Numbers 1 to 30, inclusive. In 1927 this article was amended by adding an exception which is designated in Vernon's Texas Statutes as 29a reading as follows:

29a. "Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

In Commonwealth Bank and Trust Co. v. Heid Bros., 122 Texas 56, 52 S. W. (2d) 74, "necessary parties" was defined in this language:

■ "A necessary party to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject matter of the litigation that a valid decree cannot be rendered without his presence as a party."

Assuming that the term was used in that sense in 29a the court in applying that definition to the facts before it in that case held that, in a suit against two defendants in which the plaintiff was seeking to enforce their joint and several liability he was entitled to the complete relief sought, and that a joint judgment could not be rendered unless both defendants were made parties to the action. It was further held that, looking to the nature of the case as disclosed by the petition, the nonresident defendant who filed his plea of privilege was a necessary party within the meaning of exception 29a. The test there applied was not whether the plaintiff could obtain any relief without the joinder of both defendants, but whether he could obtain the complete relief sought without their joinder. A somewhat similar definition of "necessary parties" was given in First National Bank in Dallas v. Pierce, 123 Texas 186, 69 S. W. (2d) 756, but the court seems to have applied it more strictly than in the Commonwealth-Heid Bros. case. We shall not undertake to demonstrate that these opinions may or that they may not be fully harmonized. In each of these cases suit

was brought in the county of the domicile of one defendant and venue was governed by exception 4, and no intent to overrule the opinion in the Heid Bros. case appears in the opinion in the Pierce case.

When the language of exception 29a is considered in the light of the law as it existed at the time of its passage, the sense in which "necessary parties" is used therein seems to be clear. That exception has been regarded by some of the courts as being somewhat vague, but it would appear to have been enacted for a very definite purpose. It is one which is never considered alone, but always in conjunction with some other exception of Article 1995. This is true for the reason that it deals only with suits brought outside the county of the domicile of any defendant, but which are maintainable where brought against one defendant under some other exception of that statute. Another exception must be applicable before the question of whether 29a is applicable is reached. Prior to the enactment of 29a, the only subdivision of Article 1995 dealing with cases wherein there were two or more defendants residing in different counties was subdivision No. 4. That subdivision provides in substance that, if two or more defendants reside in different counties, suit may be brought in any county in which one of them resides. Under the law as it existed prior to the enactment of 29a, a plaintiff lost the right given him by one of the exceptions to sue a defendant in a county not his residence when a situation arose which made it necessary to join another nonresident party in order to maintain the suit. In that situation, if defendant claimed his privilege, it became necessary for the plaintiff to file suit in, or transfer his suit to the county of the residence of one of the defendants and maintain venue under exception 4. To remedy that condition the Legislature enacted 29a. It was clearly enacted for the benefit of the plaintiff and constitutes an additional exception to the right of a defendant to be sued in the county of his domicile. It neither repeals nor amends any other subdivision of Article 1995. Henderson Grain Co. v. Russ, 122 Texas 620, 64 S. W. (2d) 347. First National Bank in Dallas v. Pierce, supra.

In the case at bar the plaintiff had the absolute right, as against the mortgagors, under subdivision 5 of Article 1995, to maintain a suit upon its note and to foreclose its lien in McLennan County. In order to secure that right and make fully effective a decree of foreclosure, Gray was a necessary party. Without his presence in the suit no effective decree could be

entered enforcing the rights which appellant had under his contract with the mortgagors. Limited relief could be obtained against the executrix alone, but not that character of relief to which appellant was entitled under its contract. If, for instance, the mortgagee should become the purchaser at the foreclosure sale against the executrix alone, it would merely acquire the right to pursue the property in the hands of Gray by an action of foreclosure against him. No writ of possession good as against Gray, the party rightfully in possession, could issue under a judgment of foreclosure and order of sale in an action to which he was not a party. In short, no effective decree could be rendered enforcing the substantial rights acquired by appellant under its contract and secured to it by subdivision 5. Only by abandoning some of the substantial rights granted it by that subdivision could it avail itself of the benefits of 29a, if that subdivision is to be given the narrow construction insisted upon by appellee. We do not ascribe to the Legislature an intention to enact a statute of such limited operation. Rather, we think it was clearly its intention to preserve to a plaintiff every substantial right given him under all of the other subdivisions of Article 1995 by permitting him to join as parties defendant all persons necessary to the enforcement of his full cause of action. The very language of 29a compels that construction. In effect it provides that, if a suit is lawfully maintainable in a county where it is filed as against one of the defendants, then "such suit" is maintainable in such county against any and all necessary parties thereto. The clear meaning of that language is that a plaintiff may maintain against all necessary parties the same suit which he may maintain under any other exception of Article 1995 against any one party, and every party whose joinder in the suit is necessary to the securing of full relief in "such suit" is a necessary party in the sense that term was used in 29a. More specifically stated, as applicable to the case before us, appellant has the right, as against the executrix, to maintain venue in McLennan County and, if successful in the suit, to have an order of sale with the force of a writ of possession issued. By exception 29a he is entitled to join every party in the suit whose presence therein is necessary to the securing of that same effective relief. Gray is such a party, and is therefore properly joined under exception 29a.

The question certified is answered in the affirmative.

Opinion adopted by the Supreme Court March 1, 1939.