## ULMER et al. v. DUNIGAN TOOL & SUPPLY CO.

### No. 2269.

Court of Civil Appeals of Texas. Eastland.

May 22, 1942.

Rehearing Denied June 26, 1942.

Richard S. Brooks, of Midland, for appellants.

Harrell & Bowers, of Breckenridge, for appellees.

LESLIE, Chief Justice.

This is an appeal from an order overruling pleas of privilege where venue of the suit in Stephens County was claimed under subds. 5 and 29a, art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 5, 29a.

Dunigan Tool & Supply Company instituted this suit in Stephens County, Texas, against Harry W. Black, a nonresident of Texas, M. C. Ulmer, Alva W. Butler and husband, John P. Butler, who reside in Midland County, and Madeline Martin and husband, Charles Martin, who reside in Jasper County. The suit was brought by appellee against Harry W. Black to recover an indebtedness which he is alleged to have expressly contracted in writing to pay in Stephens County. The indebtedness was evidenced by a promissory note stipulating for payment "at the office of Dunigan Tool & Supply Company, Breckenridge, Texas." So did the sales tickets for goods sold him.

Three appellants claimed privilege of being sued in Midland County, and two of being sued in Jasper County. The relief sought against appellants Ulmer, the Butlers and Martins is the foreclosure of liens in favor of the plaintiff and alleged to exist against certain oil, gas and mineral interests and personal property situated in Loving County, Texas. It is alleged that the appellants are subsequent purchasers of the property encumbered with said liens. That they are in possession of the same and that they refuse to surrender the same to appellee.

Other facts are in substance, as follows: Mrs. A. S. Chapman, joined by her husband, made a contract August 5, 1939,

with H. M. White to execute to him oil and gas leases on her lands in Loving County. September 11, 1939, White conveyed to R. O. Moorehead an undivided one-half interest in that contract which contemplated the development of the oil, gas and mineral resources in the land and the payment to her of the usual 1/8th royalty. September 18, 1939, Moorehead and White assigned to Karl C. Portz, Sr. their interest in said contract, and the Chapmans thereafter executed mineral leases in pursuance of said contract. The Tool Company began to furnish material and equipment for the lease and oil well about September 20, 1939, and continued to do so until about December 31, 1939. Liens for such material attached and were preserved by registration.

May 8, 1940, Portz, by deed of general warranty, conveyed to Alva W. Butler and Madeline Martin (appellants) an undivided 1/32nd interest in the lessee's 7/8ths working interest, subject, however, to the overriding royalty interest of White and Moorehead. On May 8, 1940, said Portz by like deed conveyed to M. C. Ulmer (another appellant) an undivided 3/32nd interest in the lessee's 7/8ths working interest in said Chapman lease, subject to the overriding interest of White and Moorehead, reserved therein.

Some months after these assignments, Portz, on August 14, 1940, executed an assignment to Dunigan Tool & Supply Company, by which instrument he conveyed to them his remaining interest in the Chapman lease. By that instrument he secured by lien the payment of said note. As stated, the other elements of the suit are evidenced by the sales tickets contracting in writing to pay in Stephens County.

The appellants were subsequent purchasers of an interest in the leasehold estate and in possession of the leasehold estate and personal property covered by the lien sought to be foreclosed. The appellee does not disagree with appellants' statement of the nature and results of the suit. Clarifying the issues of the case the appellants frankly state:

"This suit was brought by Dunigan Tool & Supply Company against Harry W. Black, a nonresident of the State of Texas, to recover upon a debt alleged to have been contracted by said Black for goods sold and delivered to said Black. The relief sought against appellants, M. C. Ulmer, Alva W. Butler and husband, John P. But-ler, and Madeline Martin and husband, Charles Martin, is the foreclosure of certain pretended liens alleged to exist against a certain oil and gas lease in Loving County, Texas, to secure an alleged debt against Harry W. Black.

"Appellants own interests in the lease in question which appellee contends are subject to its alleged liens. It is not contended that appellants have ever in any manner contracted to pay or become liable for the debt sued upon.

"There is no dispute that the cause of action stated in plaintiff's (appellee's) original petition is venuable in Stephens County as against Harry W. Black.

"The only question now before the court is whether or not the evidence adduced on the trial hereof brings this case within the terms of Subdivision 29a of Art. 1995, Texas Revised Civil Statutes, *the necessary parties statute. Appellants devote this brief to the concrete question of the legal effect of the evidence contained in the record, not to the abstract question of whether or not a taker subject to is a necessary party to an action of this kind.*" (Italics ours.)

Appellants' statement under their first proposition is in part:

"* * * No question is here raised as to the propriety of the venue of this suit as against Harry W. Black. The sole purpose of joining appellants in this suit is to foreclose against their interests in the oil and gas lease described in plaintiff's original petition a pretended material-man's lien and a pretended chattel mortgage lien * * *.

"Appellants do not seek to reopen the question of whether or not a *taker subject to a lien* is such a necessary party as is contemplated by this statute but concede that the later authorities determine that question in favor of appellee. The question sought to be raised is whether the facts proved on the trial of this matter are sufficient as a matter of law to warrant the only conclusion of law upon which the judgment below may be supported, viz., that these appellants are necessary parties to the suit of appellee against Harry W. Black to recover a debt and to foreclose certain liens because said debt and liens in fact and in law are *valid* and *subsisting* and because appellants have an *interest, subject in fact and in law to said liens* in the property upon which foreclosure is sought." (Italics ours.)

Since by appellants' admissions and the undisputed testimony the suit is venuable in Stephens County, Texas, as to Harry W. Black, under exception 5 to the general venue statute, that question is settled and need not be further considered.

Doubtless appellants' admission or concession to the effect that "appellants do not seek to reopen the question of whether or not a taker subject to a lien is such a necessary party as is contemplated by this statute but concede that the later authorities determine that question in favor of the appellee" is based upon the opinion of our Supreme Court in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, and numerous authorities following the same, and others applying like principles: Pierson v. Pierson, 136 Tex. 310, 150 S.W.2d 788; Hamilton v. Federal Land Bank, Tex.Civ.App., 125 S.W.2d 1088; Boettcher v. Federal Land Bank, Tex.Civ. App., 142 S.W.2d 272; Beckham v. Pantex Pressing Mach., Tex.Civ.App., 135 S.W.2d 188; Biggs v. Southland Life Ins. Co., Tex. Civ.App., 150 S.W.2d 149; Smith v. Dozier Const. Co., Tex.Civ.App., 66 S.W.2d 744; Flynn v. Atlas Life Ins. Co., Tex.Civ.App., 81 S.W.2d 772; Jackson v. First Nat. Bank, Tex.Civ.App., 37 S.W.2d 356; Demmer v. Lampasas Auto Co., Tex.Civ.App., 34 S.W. 2d 421; Lind v. Merchants' State Bank, Tex.Civ.App., 16 S.W.2d 385.

■ Upon the record presented by this appeal and under the authorities cited, especially the Gray case, we are of the opinion that the appellants properly make the admissions and concessions above noted. They are compelled to do so by these authorities which, to our mind, establish beyond question that the appellants are "necessary parties" to this lawsuit under exception 29a to the general venue statute. In other words, by such provision of law, the plaintiff is permitted "to join as parties defendant all persons necessary to the enforcement of his full cause of action." [132 Tex. 509, 125 S.W.2d 287.]

■ We take from the opinion in the Gray case this further emphatic and significant statement: "The very language of subdivision 29a compels that construction. In effect it provides that, if a suit is lawfully maintainable in a county where it is filed as against one of the defendants, then 'such suit' is maintainable in such county against any and all necessary parties thereto. The clear meaning of that language is that a plaintiff may maintain against all necessary parties the same suit which he may maintain under any other exception of Article 1995 against any one party, and *every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a.*" (Italics ours.)

Upon the point of necessary parties, the alleged facts of the instant case meet the requirements of the opinion in the Gray case (and the other authorities cited) and render the appellants' presence as parties in this suit necessary to the end that the plaintiff obtain the "full relief" contemplated by said decisions.

■ Since the suit is venuable as to said Black in Stephens County under exception 5 the question of whether or not the evidence adduced on the trial brings this case within the terms of Subdivision 29a is immaterial or beside the point. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302 (involving proper parties). Whether or not the appellants are necessary parties under that exception must be determined by an inspection of the pleadings. That is a venue fact pertaining to the nature of the suit and the plaintiff's petition is "the best and all-sufficient evidence [thereof]." Stockyards Nat. Bank v. Maples, supra. Since said pleadings reflect that appellants are necessary parties to this suit, it is unnecessary to support such fact or conclusion by testimony introduced in the trial below.

■ In the trial of the issues of the plea of privilege appellants undertook to contest (1) the validity of the appellee's debt and liens; (2) asserted that the debt had been paid; (3) that the liens in favor of appellee had not been properly fixed; and (4) that the chattel mortgage in favor of Black had not been properly indorsed and recorded in the office of the County Clerk. These are all matters of defense to be presented and determined in the final trial of the case on its merits. They have no place in the trial of the issues on the plea of privilege. Stockyards Nat. Bank v. Maples, supra; Film Advertising Corp. v. Camp, Tex.Civ.App., 137 S.W.2d 1068; Camp v. Bond, 134 Tex. 678, 139 S.W.2d 77; Dallas Joint Stock Land Bank v. Harrison, Tex. Civ.App., 131 S.W.2d 742; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202.

Other assignments, not discussed, have been considered and are overruled. For

the reasons assigned, the judgment of the trial court is affirmed.

FUNDERBURK, Justice (dissenting).

The writer has no criticism of the majority opinion upon the ground that it shows certainly a wrong construction of the decisions of the Supreme Court deemed to require the conclusion that the parties asserting their privilege are necessary parties to the suit within the provisions of exception 29a to the general rule of venue. R.S.1925, Art. 1995, Vernon's Ann. Civ.St. Art. 1995. My position is that said decisions leave the question of who constitutes a necessary party under exception 29a in such uncertainty that it should not be regarded as settled.

That the term "necessary parties" in exception 29a means something different from the term "proper parties" has had repeated recognition in the opinions of the Supreme Court. For instance, in an illustration in Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, 353, it is said: "On the other hand, suppose suit is brought by C against A, a nonresident, in Carson county under some subdivision of article 1995, other than subdivision 4; then if B, also a nonresident, is a *necessary* party to the suit, as distinguished from merely a proper party, he can be joined in the case in Carson county under subdivision 29a." (Italics the court's.) This opinion cites with approval Boydston v. Morris, 71 Tex. 697, 10 S.W. 331, which held that in a suit by a mortgagee against a mortgagor to recover the debt and foreclose the mortgage lien, a purchaser of the mortgaged property, alleged to have converted it, was not a necessary party; and also that in a suit by the mortgagee against the alleged conversioner, the mortgagor was not a necessary party. But, if the later opinions cited in the majority opinion mean what they are interpreted as meaning, then any distinction between *necessary* parties and *proper* parties is no longer recognized.

Judge Townes in his Texas Pleadings pointed out that "There are at least two distinct senses in which the term necessary is applied to parties,—one, the strictest sense, including only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had." Townes' Texas Pleadings, 2d Ed., p. 258.[1]

In the other sense, in addition to the persons included in the first, according to the same authority, there are embraced "also such other persons as may be required to be before the court in order that one or more of the ancillary or subordinate purposes of the suit can be accomplished." Id. "Necessary parties" in the latter sense means the same as "proper parties", as is well shown by Judge Townes' quotation from Pomeroy, as follows: "In all equitable actions, a broad and most important distinction must be made between two classes of parties defendant; namely, (1) those who are 'necessary' and (2) those who are 'proper.' Necessary parties, when the term is accurately used, are those without whom no decree at all can be effectively made determining the principal issues in the case. Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject matter of the litigation. Confusion has frequently arisen from a neglect by text writers, and even judges, to observe this plain distinction. Parties are sometimes spoken of as necessary when they are merely proper. Thus, because a decree cannot be rendered which shall determine the rights of certain classes of individuals without making them defendants in the action, they are not unfrequently called necessary parties; or, in other words, because they must be joined as defendants in a particular suit, in order that the judgment therein may bind them, they are denominated 'necessary' parties absolutely. Such persons are 'necessary' sub modo—that is, they must be brought in if it is expected to conclude them by the decree; *but to call them 'necessary' absolutely is to ignore the familiar and fundamental distinction between the two classes of parties* which have just been mentioned. *This inaccurate use of language would make every person a necessary party, who should actually be joined as a co-defendant in an equitable action.*" (Italics ours.) Id.

If "every party whose joinder in the suit is necessary to the securing of full

---

[1] The Supreme Court has approved this definition of "necessary parties" in construing exception 29a. First National Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756. So far as I know, this definition has never been repudiated, although it has been ignored in application.

relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a", as the majority opinion quotes from Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, then it is necessarily true that all parties to any suit are necessary parties, unless as to them plaintiff's petition without reference to any question of venue would be subject to a timely plea of misjoinder of parties. This would include all proper parties since a plea of misjoinder of parties should never be sustained as to any proper party.

Of course, it is possible that the Supreme Court, contrary to its previously expressed views, is now of opinion that "necessary parties", as the term is used in exception 29a, includes all proper parties. But, if so, why continue to give apparent approval to definitions of the term which clearly and certainly exclude mere proper parties? And why was Mrs. Scott, the mother, held to be not a necessary party in Scott v. Scott, 133 Tex. 1, 123 S.W.2d 306, 313, 126 S.W.2d 626? That was a suit for divorce brought in Dallas County, the place of plaintiff's residence. The venue was proper under exception 16. Undoubtedly it was proper to join with such action one for division of property. In fact, it is said in the opinion that "Where the jurisdiction of the divorce court is invoked in the divorce action by either spouse to determine the rights of property, as between such spouses, the part of the divorce suit regarding property is a part of the very divorce action itself." The opinion further says, "If the facts justify, the divorce court can, as between the wife and the husband, fix a trust for the benefit of the wife on the husband's separate property." The wife in that divorce suit was seeking to do just that. Since, however, the legal title to the land was in defendant's mother, plaintiff, in order to establish that her husband owned the land, sought to show that the mother held the legal title in trust for plaintiff's husband. Certainly no authority can be found to support the proposition that the mother was not at least a *proper* party to the suit. The question, therefore, looms large whether the Supreme Court really means to hold, as the logic of some of its decisions imply, that necessary parties, as that term is used in exception 29a, means simply proper parties.

If the correct interpretation of exception 29a be that if venue of a suit as to any defendant is proper under any one of the 30 or more exceptions (other than 29a) to the general rule and under exception 29a all persons who are proper parties to the suit, as brought, are *necessary* parties and may be joined therein, then, I think, it is pertinent to ask what is to prevent the mere allegation of a nonexistent cause of action against one defendant within a particular exception and by joining therewith, agreeably to the rule intended to avoid a multiplicity of suits, the real cause of action against a nonresident defendant, having the effect to deprive the latter of his privilege to be sued in the county of his residence? For example, suppose A sues B, a transient person, in C County where he is found, and alleges the same cause of action against D, a resident of F County, seeking to hold both defendants liable for a tort. The venue as to B would be proper under exception 2. But suppose B had committed no tort, was guilty of no wrong, the circumstances being such, however, that D was unable to show that B had been made a defendant only for the fraudulent purpose of fixing the venue. Plaintiff's petition would constitute "the best and all-sufficient evidence" that D was a proper party to the suit. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. The only other venue facts would be that B was a transient person, and that he was found in the county where the suit was brought. Thus, it appears it would be possible for D to be deprived of the privilege of being sued in the county of his residence by the simple allegation of plaintiff's petition "never perhaps intended to be proved." Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861, 865.

The rule evolved as to exception 4 to prevent such a consequence could have no application. Exception 29a never applies except where some exception other than 4 exists to sustain the venue as to at least one of the defendants. Pioneer Building & Loan Ass'n v. Gray, supra; Henderson Grain Co. v. Russ, supra.

Under exception 4 the proof of a cause of action against the resident defendant is required simply to protect a nonresident defendant, claiming his privilege, from being concluded by the mere *allegations* of a cause of action against the resident defendant. In other words, such proof is required in order to show that one *alleged* to be a defendant residing in the county is in fact a defendant, in that plaintiff really has a cause of action against him. But certainly no court can

hold that, included in the venue facts stated in exception 2, are the several elements of a cause of action against any defendant.

It is true that if the term "necessary parties" is to be construed as meaning what it ordinarily imports and as defined in' Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, and First Nat. Bank v. Pierce, supra; it will have a rather limited application. That it is possible for it to have *some* application, I think, our illustration in Oakland Motor Co. v. Jones, supra, demonstrates. The legislative act by which exception 29a, was added to the other exceptions, expresses no intention that it was to have a wide application any more than it expresses the intention that it was to have a narrow application. It is an elementary rule of statutory construction that exceptions to a general provision are to be strictly construed. In my opinion, if no case could be imagined in which exception 29a could be applicable that would not warrant a construction to the effect that necessary parties mean simply proper parties; but in view of the fact that it can have application under some circumstances with no expressed intention that it is to have any wider application, it certainly seems to me to require the construction that the term is used in its ordinary sense.

A great deal more could be said in deprecation of the uncertainty and confusion sure to result from the present state of the decisions; but I shall end the discussion by referring to the minority opinion of the writer on the same subject in H. J. Moreland v. Hawley Independent School District, Tex.Civ.App., 163 S.W.2d 892, handed down on the same date as this opinion.