STEPHENVILLE PRODUCTION CREDIT ASS'N v. DRAKE et al.

No. 2762.

Court of Civil Appeals of Texas. Eastland.

Jan. 20, 1950.

Rehearing Denied Feb. 17, 1950.

W. J. Oxford, Stephenville, for appellant.
Mark McGee, Fort Worth, for appellees.

COLLINGS, Justice.

Appellant, Stephenville Production Credit Association, filed this suit in Erath County against T. H. Drake to recover on a note in the principal sum of $5,622.44, for interest, attorney's fees and for foreclosure of a chattel mortgage lien against T. H. Drake and the Union Bank & Trust Company of Fort Worth, Texas. Upon a trial before the court without a jury, judgment was rendered sustaining the plea of privilege of the Bank to be sued in Tarrant County, Texas. From such judgment, this appeal is brought.

Appellant's petition allages that both T. H. Drake and the Union Bank & Trust Company of Fort Worth are residents of Tarrant County, Texas; that Drake was indebted to appellant on a promissory note dated, executed and delivered on January 20, 1948 in the sum of $5,622.44, and by its terms payable at Stephenville, Texas; that of even date with the note, Drake executed and delivered to appellant a chattel mortgage on certain property therein described; that said debt and mortgage were in renewal and extension of an original debt and mortgage executed and delivered by Drake to appellant on January 19, 1943 in the sum of $1,238 and for various sums loaned and advanced by appellant to Drake under the provisions of said mortgage; that said mortgage was filed for record on January 19, 1943 in the Chattel Mortgage Records of Tarrant County, Texas, and that said debt, mortgage and advancements have been timely renewed and extended with record thereof being duly made in the Chattel Mortgage Records of Tarrant County, Texas, down to the debt and mortgage dated January 20, 1948; that said mortgage is a first, valid and subsisting lien on said above described property and is unsatisfied; that Drake sold and disposed of certain of the mortgaged property in violation of the provisions of such mortgage and appellant elected to exercise its option thereunder to declare all such indebtedness due and payable; that during the time T. H. Drake was indebted to appellant as aforesaid, and while such chattel mortgage was of record in Tarrant County, Drake became indebted to appellee, Union Bank & Trust Company of Fort Worth, Texas, and created a lien to the bank on the same property as described in the chattel mortgage delivered to appellant; that both the bank and appellant claim a first lien on such property; that appellant's lien is prior and superior to any lien or claim of the bank; that it was necessary that the priority of such liens be adjudicated before appellants' lien could be foreclosed and the proceeds applied in satisfaction of said debt, the property being wholly insufficient to satisfy both. Appellant prayed for judgment against Drake for its debt, principal and interest and attorney's fees in the sum of $6,184.68; that its lien be declared superior to any claim, interest or lien asserted by the bank and that appellant's lien against Drake be foreclosed and the proceeds applied to appellant's debt.

Subdivision 5 of Article 1995, Vernon's Ann.Civ.St., is as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Subdivision 29a. of Article 1995 is as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants; then such suit may be maintained in such county against any and all necessary parties thereto."

■ ·Appellant introduced its note and mortgage signed by Drake showing his promise to pay "to the order of the Stephenville Production Credit Association at its offices at Stephenville, Texas," and there is no question but that Drake was properly suable in Erath County under Subdivision 5 of the above Article. It is contended by appellant that since the trial court had venue of Drake under such exception, the court also had venue under Subdivision 29a against appellee Bank & Trust Company as a necessary party to appellant's suit for foreclosure.

■ Appellant's right to prevail on this appeal hinges upon the question of whether Union Bank & Trust Company is a necessary party to appellant's suit. The burden was on appellant to allege and prove facts which would show the Bank to be a necessary party to its cause of action against Drake. Key v. Mineral Wells Inv. Co., Tex.Civ.App., 96 S.W.2d 804.

■ In the case of Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, Judge Alexander, states as follows: "The rule is 'that where, under ·the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

Numerous cases hold that in a suit to foreclose a lien on mortgaged property, one who has purchased such property from the mortgagor after the execution and recording of the mortgage is a necessary party under Subdivision 29a. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Medford et al. v. First Nat. Bank of Evant, Tex.Civ.App., 212 S.W.2d 485; Hamill v. Kitchen, Tex.Civ.App., 182 S.W.2d 821.

■ In a suit by a senior lien holder to foreclose his lien on mortgaged·property, it has been held that a junior lien holder is a necessary· party. Pierson v. Pierson, 136 Tex. 310, 150 S.W.2d 788; Biggs v. Southland Life Insurance Co., Tex.Civ. App., 150 S.W.2d 149.

A subsequent purchaser or a subsequent lien holder acquires an interest in the identical title covered by a prior mortgage and the title or interest of each is subject to such prior mortgage. As to such parties, a prior lien holder has the right to have the mortgaged property applied to the payment of the debt due him to the extent of the full interest owned by the mortgagor at the time his lien was created. This relief can be obtained only in a suit to which such subsequent purchaser or lien holder is a party, otherwise, such subsequent title or lien would remain undisposed of and continue a burden to the prior and superior claim.

■ In an action by a junior lien holder to foreclose a mortgage, a senior lien holder as such is not a necessary party. The junior lien is subject to the senior one and the relief;to which the junior lien holder is entitled is likewise limited to the extent that it cannot encroach upon ·the security of the senior lien holder. The junior lien holder has no right to relief against the senior mortgagee and the latter is, therefore, not a necessary party.

■ It is also well settled that one "merely claiming some interest in mortgaged property, upon which foreclosure is sought" is not a necessary party under Subdivision 29a. Northern Illinois Finance Corporation v. Sheridan, Tex.Civ.App., 141 S.W.2d 434, 436; Johnson v. First Nat. Bank, Tex.Civ.App., 42 S.W.2d 870; Shipley v. Pershing, Tex.Civ.App., 5 S.W.2d 799 and 43 Tex.Jur., page 768.

The interest or lien alleged and proved must be such that the mortgagee seeking foreclosure could not obtain the relief to which he is entitled under his mortgage without the presence of the claimant of such interest or lien as a party to the suit.

Appellant Stephenville Production Credit Association, alleged in its pleadings that Drake, during the time of his indebtedness to appellant, and while its mortgage was duly filed of record, became indebted to and executed a mortgage to appellee, Union Bank & Trust Company, but that appellant's lien was prior and superior to any lien or claim of the bank. These allegations, if true, were sufficient to show that the appellee bank was a necessary party. The proof, however, does not support the allegations. The only evidence in the record of a lien by the Union Bank & Trust Company is the testimony of Mr. W. M. Irwin, who is Secretary-Treasurer of the Stephenville Production Credit Association. He testified that Mr. Dan Lydick, President of the Bank, told him that the bank "had a first lien on the cattle," and that "we talked about it along those lines—nothing specific." Mr. Irwin further stated "—I told him when I left the bank that I would think about it on the way home, what should be done and discuss it with my attorneys, and he said, 'Well, I think you are making a mistake to go ahead and have a law suit about this' and I said, 'Possibly so.'"

Even if it could be held that this evidence is sufficient to show that the bank had a lien on the cattle covered by appellant's mortgage, it fails to show the date of such lien, if any, or when, if ever it was recorded. If the bank had a prior or senior lien it would not, as we have seen, be a necessary party. The contention of appellant, of course, is that its lien was prior and, therefore, superior to the bank's liens. In our opinion, however, the evidence would not have supported a finding that the bank had a lien which was subsequent and, therefore, inferior to appellant's lien. The judgment of the trial court necessarily implies a finding to the contrary. Certainly it cannot be held that the evidence conclusively shows that subsequent to the date of the execution of the mortgage held by appellant, and while it was duly of record, that Drake then executed a mortgage to the Union Bank &

Trust Company. Such a holding would be required to upset the judgment of the trial court.

The judgment of the trial court is affirmed.