James C. ROMER and Romer Management Co., a partnership composed of Robert H. Romer, et al., Appellants,

v.

GRUVER STATE BANK OF GRUVER, Texas, Appellee.

No. 8071.

Court of Civil Appeals of Texas, Amarillo.

June 29, 1970.

Rehearing Denied July 27, 1970.

E. Byron Singleton, Amarillo, for appellants.

Linn, Helms & Countiss and Richard N. Countiss, Spearman, for appellee.

NORTHCUTT, Justice.

This is a plea of privilege matter. Gruver State Bank of Gruver, Texas, as plaintiff, brought this action against James C. Romer, and Romer Management Company, a partnership composed of Robert H. Romer, Barbara Duggan, Linda Kay Romer, Susan B. Romer and Donald H. Romer, as defendants, to recover upon a promissory note in the principal sum of $20,000.00 together with interest and attorney's fees. The defendants filed their plea of privilege, and the plaintiff filed its controverting plea. The pleas were tried to the court, and upon request of the defendants, the court filed its findings of fact and conclusions of law and overruled the defendants' plea of privilege. From that order overruling the pleas of privilege, the defendant perfected this appeal. The parties will be hereinafter referred to as they were in the trial court.

The plaintiff contended venue was in Hansford County, Texas by virtue of Art. 1995, Sec. 5, Vernon's Ann. Texas Revised Civil Statutes. By its findings of fact, the trial court found that on December 5, 1968, RMC by James C. Romer and James C. Romer, individually, executed a promissory note in the sum of $20,000.00 payable to the order of Gruver State Bank, Gruver, Texas and due January 3, 1969; RMC and Romer Management Company were one and the same entity; that no payments had been made on the note; that the note specifically stated that it was payable to Gruver State Bank, Gruver, Texas; that Gruver State Bank was a Texas banking corporation and was located wholly within Hansford County, Texas, and that James C. Romer had written authority from the other defendants herein to execute the note in their behalf. The court held that Art. 1995, Sec. 5, Texas Revised Civil Statutes, expressly provides that a suit on a contract in writing to perform an obligation in a

particular county may be brought in that county and that venue of this case lies in Hansford County, Texas because defendants agreed in writing to perform an obligation in Hansford County, Texas, and held the defendants' plea of privilege without merit and overruled such pleadings.

The plaintiff introduced in evidence the note in question; and an instrument, executed by Robert H. Romer, Barbara Duggan, Linda Kay Romer, Susan B. Romer and Donald Romer, which stated that RMC was a partnership of said defendants; and a written statement of the financial condition of RMC. The partnership instrument authorized James C. Romer, as agent of RMC, to negotiate and procure loans and to execute in any such form as may be required.

The effect of all of appellants' points of error is that the court erred in its findings of fact and conclusions of law as above set out, since there was no signed written instrument by any of the defendants, other than James C. Romer, and no proof that the note itself designated Gruver, Texas was a written contract to pay in Hansford County, Texas.

The undisputed record shows the loan was made and the note executed and the signature of James C. Romer on the note is not in dispute. It was proven that the Gruver State Bank was in Gruver, Hansford County, Texas, and the note was past due and unpaid and was payable at Gruver State Bank, Gruver, Texas, as provided for in the note. We do not know that Romer Management Company is a partnership but there was an instrument signed by all of the defendants, other than James C. Romer, and introduced herein stating it was a partnership. That instrument authorized James C. Romer for and on behalf of and in the name of that partnership to negotiate and procure loans on behalf of the partnership. It is true that James C. Romer in his plea of privilege pleads under oath and states that there was no partnership because of the ages of

the defendants signing the instrument stating it was a partnership. It would seem that James C. Romer would be in a poor position to contend, as he is here contending, after procuring a $20,000.00 loan by the use of the instrument showing a partnership that authorized him to procure loans in the name of the partnership, then to plead no partnership existed as herein shown.

However, all the matters contended for by appellants are matters to be determined on the trial of the case and are not such as to be determined on a plea of privilege. James C. Romer, whose name appeared on the note, did not by his plea of privilege deny signing the note and the note provided that it was payable at Gruver State Bank, Gruver, Texas. Since there was proof that Gruver is in Hansford County, we think, clearly shows venue as to him would be in Hansford County under Sec. 5 of Art. 1995, V.T.C.S. and that Subsection 29a of Art. 1995, V.T.C.S. would apply to all other defendants. It is stated in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 as follows:

"When the language of exception 29a is considered in the light of the law as it existed at the time of its passage, the sense in which 'necessary parties' is used therein seems to be clear. That exception has been regarded by some of the courts as being somewhat vague, but it would appear to have been enacted for a very definite purpose. It is one which is never considered alone, but always in conjunction with some other exception of Article 1995".

See also Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 where it is stated:

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Bldg. & Loan Ass'n v. Gray, [132 Tex. 509, 125 S.W.2d 284] supra; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347."

We have carefully considered all of appellants' assignments of error and overrule all of them. The judgment of the trial court is affirmed.