**Gus PREISSMAN et al., Appellants,**

v.

**CONTINENTAL–BANK OF TEXAS, Appellee.**

**No. 15400.**

Court of Civil Appeals of Texas, San Antonio.

April 23, 1975.

Rehearing Denied June 4, 1975.

Second Rehearing Denied June 30, 1975.

---

John Oliver, James R. Warncke, Collins B. Cook, San Antonio, for appellants.

Butler, Binion, Rice, Cook & Knapp, Eugene A. Cook, Nancy B. Hogan, Houston, for appellee.

BARROW, Chief Justice.

This is a venue action. Appellants, Gus Preissman, Thelma Preissman, Ben Katz (also known as Ben Carter) John Oliver and James Warncke, have perfected their appeal from an order entered after a non-jury hearing sustaining the plea of privilege of appellee and transferring the suit against it to Harris County. Appellants urge that venue is sustainable in Bexar County against appellee under Subdivisions 12, 29a, 23 and 14 of Article 1995, Vernon's Tex. Rev.Civ.Stat.Ann. (1964).

Appellants filed this suit in Bexar County complaining of Salado Creek Development Company (Salado Company), Moses Muzquiz (Muzquiz), W. G. Horne, III (Horne) and appellee (Bank). All are non-residents of Bexar County, but only Bank filed a plea of privilege. Several causes of action are asserted by appellants: to recover on a promissory note in the principal sum of $1,044,875 executed by Horne which was assumed by Salado Company and Muzquiz; to foreclose the lien securing this note; to set aside a subordination agreement entered into by appellants with Horne which makes the Bank's lien on the property the superior lien; and to recover damages from Horne and Muzquiz for false and fraudulent representations in connection with the execution of the subordination agreement.

The facts surrounding this controversy are largely undisputed at this point. On December 21, 1973, appellants, except Oliver and Warncke, sold approximately 96 acres of land in Bexar County to Horne. Horne signed a note to appellants, without personal liability to himself, for the sum of $1,044,875, which was secured by a vendor's lien and a deed of trust. On December 26, 1973, this note was cosigned by Salado Company and Muzquiz with personal liability. On December 26, 1973, Horne conveyed the land to Salado Company and the latter executed a note in the principal sum of $1,500,-000 secured by a vendor's lien and deed of trust. At this time all appellants executed a subordination agreement whereby the lien and deed of trust securing the Salado Company note to Horne was expressly granted priority over appellants' lien and deed of trust. On January 4, 1974, Horne borrowed $1,500,000 from Bank and secured same with the lien and deed of trust which had been given priority under the subordination agreement.

The note of December 21, 1973, which is owned by appellants is now in default, and they seek foreclosure of the lien securing same. The note held by the Bank is not in

default at the present time and no relief is sought on it. Mr. Warncke testified that the subordination agreement was signed by appellants because Muzquiz represented that he was worth some $8,000,000, and that the loan from the Bank was to be used to improve and enhance the property. He said that Muzquiz's financial statement was false by some $3,800,000, and that the property has not been developed as promised. Appellants do not contend that the Bank made any false representation whatsoever or is guilty of any fraud. Nevertheless, it is urged that the subordination agreement should be cancelled because it was induced by the fraud of Horne and Muzquiz and appellants' lien given first priority.

### Subdivision 12

■ Under this exception, a suit to foreclose liens upon real or personal property may be brought in the county where the property is located. The venue facts are: (I) the nature of the action, determined from the petition, and (II) the location of the property or a part thereof, in the county at the time of institution of the suit. 1 McDonald, Tex.Civ.Prac., Section 4.20 (1965). Here the real estate is located in Bexar County, and appellants seek to foreclose a lien on the land. Nevertheless, they do not allege a cause of action for foreclosure against Bank. Bank is not a party to the lien that appellants seek to foreclose, and the appellants can obtain the relief to which they are entitled under their lien without the presence of the Bank. Appellants' right to foreclosure is independent of Bank's lien which is not in default. In this situation, venue may not be sustained against the Bank in Bexar County under Subdivision 12. Shaw v. Allied Finance Company, 337 S.W.2d 107 (Tex.1960); Harwood v. Hunt, 473 S.W.2d 287 (Tex.Civ.App.—Beaumont 1971, no writ); Weaver v. Acme Finance Company, 407 S.W.2d 227 (Tex.Civ.App.—Corpus Christi 1966, no writ); Stephenville Production Credit Ass'n

v. Drake, 226 S.W.2d 888 (Tex.Civ.App.—Eastland 1950, no writ).

### Subdivision 29a

Appellants urge that venue may be sustained against the Bank in Bexar County under Subdivision 29a in that Bank is a necessary party to the suit against the other defendants for foreclosure and to set aside the subordination agreement. The venue facts are: (I) plaintiff must establish the propriety of venue as to some defendant under some exception to the general venue rule and (II) that the defendant urging his plea of privilege is a necessary party upon the cause of action as to which venue against the co-defendant has been established. 1 McDonald, Tex.Civ.Prac., Section 4.36 (1965). Appellants have established that venue would lie in Bexar County against defendants Horne and Muzquiz under Exception 5 in that the note upon which appellants seek foreclosure is payable in Bexar County. Therefore, the critical question is whether Bank is a necessary party to this cause of action.

■ In Shaw v. Allied Finance Company, *supra*, it was held that the only *proper* parties to a suit to foreclose a mortgage are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequently to the mortgage. It necessarily follows that those who are not *proper* parties cannot be *necessary* parties under Subdivision 29a. It is only in cases where A, the mortgagor, has conveyed to D, or executed a junior mortgage to D that C, as first mortgagee, can join D as a necessary party to a foreclosure suit under Subdivision 29a in order to secure a decree making fully effective his contract rights under his chattel mortgage.

■ Nor is Bank a necessary party to appellants' claim that the subordination agreement was procured through fraud of Horne and Muzquiz. There is no contention that the Bank committed any fraud or even

had any part in the execution of the subordination agreement. A somewhat similar question was presented in Stephenville Production Credit Ass'n. v. Drake, *supra*, where the priority of liens was in issue. The court held there that the superior lienholder was not a necessary party to the suit. In doing so the court said: "It is also well settled that one 'merely claiming some interest in mortgaged property, upon which foreclosure is sought' is not a necessary party under Subdivision 29a . . . . The interest or lien alleged and proved must be such that the mortgagee seeking foreclosure could not obtain the relief to which he is entitled under his mortgage without the presence of the claimant of such interest or lien as a party to the suit." This rule was cited with approval by the Supreme Court in Shaw v. Allied Finance Company, *supra*.

 Appellants' lien is inferior to the Bank's lien. Therefore, under the above authorities, Bank is not a necessary party within the meaning of Subdivision 29a, and venue may not be sustained in Bexar County under this exception.

## Subdivision 23

Appellants urge that venue against the Bank is sustainable in Bexar County under Subdivision 23, in that Bank is a private corporation and a part of the cause of action maintainable against it arose in Bexar County. Under this exception, appellants must show by a preponderance of the evidence all elements of a cause of action against Bank and that part of the transaction creating the right, or part of the transaction involving the breach, or both, occurred in Bexar County. 1 McDonald, Tex.Civ.Prac., Section 4.30.2 (1965). Specifically, appellants urge that the fraud occurred in Bexar County and the lien asserted by appellants was created in Bexar County. This is true as to all defendants except Bank. There are no pleadings or even any contention that the Bank committed any fraud in Bexar County. The un-

contradicted evidence is that all transactions involving the Bank occurred in Harris County. Subdivision 23 has no application here.

## Subdivision 14

Finally, it is urged that venue may be sustained in Bexar County against the Bank under Subdivision 14. It is settled that a suit to establish that the rights of the defendant are subject to a lien asserted by the plaintiffs and a suit to obtain a foreclosure of said lien is not governed by Subdivision 14. Bennett v. Langdeau, 362 S.W.2d 952 (Tex.1962). This exception to the venue statute has no application here.

We have considered and overruled all of appellants' assignments of error. We, therefore, conclude that the court did not err in sustaining Bank's plea of privilege to be sued in the county of its residence.

The judgment is affirmed.