SUMNER et al. v. JESTER et al.    (No. 971.)

(Court of Civil Appeals of Texas. Beaumont.
May 15, 1923.)

1. **Venue ⊜⇒5(2)—Foreclosure of vendor's lien is not a "suit to recover land" within statute; "suit to quiet title"; "suit to prevent waste."**

A suit to foreclose a vendor's lien is not a "suit to quiet title," or to "recover lands," or to "prevent waste," within Rev. St. art. 1830; exception 14 requiring such actions to be brought in the county where the land is situated.

2. **Venue ⊜⇒7—Place of payment controls venue rather than situs of land in foreclosure of vendor's lien notes.**

Foreclosure of vendor's lien notes and security trust deed is properly brought in the county where notes are payable, on proof of such fact and that one defendant is a citizen of the same county and another is nonresident in the state, under Rev. St. art. 1830, exception 5, as to the place of performance of any written contract, and exception 4, as to residence of two or more defendants in different counties, and exception 3, as to residence of defendant or all or several defendants without the state.

3. **Venue ⊜⇒22(1)—Defendants in lien foreclosure properly joined to avoid multiplicity of suits and render relief complete.**

Having secured jurisdiction over the maker of appellee's note which constituted a first lien on the land, all adverse parties, though not absolutely necessary, were properly joined if such joining avoided a multiplicity of suits and rendered relief more complete.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Claude W. Jester and others against Charles M. Sumner and others. From a judgment denying plea of privilege, defendants appeal. Affirmed.

Graves & Houtchens and C. F. Clark, all of Fort Worth, for appellants.

Davis & Jester, of Corsicana, for appellees.

WALKER, J. This suit was instituted in the district court of Navarro county by appellees against Charles M. Sumner upon a series of vendor's lien notes, payable in Navarro county, but against land in Brewster county, which notes also were secured by a deed of trust on the same land covered by the vendor's lien. They made parties defendant the trustee under the deed of trust, who lived in Navarro county, Fred Brasted, who held a second vendor's lien against the same land, and a large number of other persons, on the allegation that they were "asserting some kind of interest, claim, or lien in and to said property, the exact nature of which these plaintiffs do not know," but the further allegation was made that such interest, if any, was inferior to that of appellees. The prayer was for foreclosure of the vendor's and deed of trust lien against all defendants.

Fred Brasted answered by plea of privilege, praying that the suit be transferred from the district court of Navarro county to the district court of Brewster county, on the following grounds: (1) That he was a citizen of Oklahoma, with a temporary residence in Tarrant county, Tex.; (2) by denial of all jurisdictional grounds and of the exception to exclusive venue named in articles 1830 and 2308, Revised Civil Statutes; (3) by specially pleading that this was a suit for the recovery of lands or damages thereto or to remove incumbrances upon the title to lands or a suit to quiet the title to lands or a suit to prevent or stay waste on lands; (4) that he was wrongfully joined as a defendant with the trustee, who was a resident citizen of Navarro county, in an effort to give jurisdiction to the district court of that county.

This appeal was prosecuted from the judgment denying and overruling this plea of privilege.

## Opinion.

[1] There is nothing in any of appellants' contentions. A suit to foreclose a vendor's lien is not a suit to quiet title to lands, or to recover lands, or to prevent waste on lands, within the meaning of exception 14 of article 1830. Holcomb v. Williams (Tex. Civ. App.) 194 S. W. 631; Connellee v. Eastland County (Tex. Civ. App.) 31 S. W. 552; Branch v. Wilkins (Tex. Civ. App.) 63 S. W. 1083; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143.

[2] The proof sustained the venue in Navarro county on the following grounds:

(1) The notes sued upon were payable in Navarro county, giving venue under the fifth exception to article 1830.

(2) One of the defendants was a resident citizen of Navarro county, giving venue under exception 4.

(3) Fred Brasted was a nonresident of the state of Texas, giving venue under exception 3, which provides, "Where the defendant, or all of several defendants, reside without the state," etc., suit may be brought in the county in which the plaintiff resides.

The evidence in the case raised an issue in appellants' favor that he had acquired a temporary residence in Tarrant county, but that issue was determined against him by the trial court. Even if he had established his residence in Tarrant county, it would not have availed him, because his prayer was that the venue be changed to Brewster county, on the theory that exception 14 of article 1830 laid exclusive venue to that

county. We have already determined that that position was not well taken.

[3] (4) If the district court of Navarro county had jurisdiction over the maker of appellees' notes, which constituted a first lien against the land, it was proper for appellees to join as defendants all parties asserting a claim adverse to their lien. While Mr. Brasted, a junior lienholder, was not a necessary party to appellees' foreclosure, yet he was a proper party, and appellees could not have full relief without making him a party to their suit. In order to avoid a multiplicity of suits, the district court of Navarro county was justified in retaining jurisdiction over appellant.

The judgment of the trial court is in all things affirmed.