## SMITH et ux. v. REALTY TRUST CO.
### (No. 7578.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1926. Rehearing Denied June 16, 1926.)

1. **Pleading ☞111—Defendants, proceeding to trial on plea of privilege without objection, held to have waived objections to hearing more than 60 days after filing of plea and any other irregularities in connection with plea.**

Where order overruling plea of privilege was set aside and plea set down for hearing at subsequent date, defendants, proceeding to trial upon plea without objection, *held* to have waived any objection they might have had, because hearing was more than 60 days after filing of plea or for any other irregularities in connection with plea.

2. **Pleading ☞111.**

Trial court *held* authorized to set aside its order denying plea of privilege because full notice of filing controverting affidavits had not been given adverse party.

3. **Pleading ☞111.**

Under Acts 38th Leg. (1923) c. 105, § 7, and before enactment of Rev. St. 1925, art. 2092, § 14, trial court *held* entitled to postpone hearing of plea of privilege by agreement of parties.

4. **Appeal and error ☞916(1).**

Where parties proceed to trial of plea of privilege, they will be presumed to have agreed to postpone hearing when making no objection to postponement until after perfecting appeal.

5. **Pleading ☞111.**

Disposal of plea of privilege at same term of court in which it is filed *held* compliance with law.

6. **Appeal and error ☞449.**

Appeal from order overruling plea of privilege does not suspend trial on merits pending appeal unless order sustains the plea.

7. **Venue ☞5(2)—Venue of action on notes secured by mortgage is properly laid in county where notes are payable, irrespective of location of lands mortgaged.**

Venue of action on notes secured by mortgage is properly laid in county in which they are payable, irrespective of location of lands mortgaged, and which mortgage is sought to be foreclosed.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by the Realty Trust Company against A. J. Smith and wife. From an order overruling their plea of privilege and an adverse judgment, defendants appeal. Affirmed.

Brooks, Smith & Robinson, of Anson, and Callaway, Dalton & Callaway, of Dallas, for appellants.

Dabney, Goggans & Ritchie and Lewis M. Dabney, all of Dallas, for appellee.

FLY, C. J. Appellee filed suit on ten promissory notes executed by appellants, A. J. Smith and his wife, Alma Smith, and payable in Dallas, Tex., and each note recites that it is secured by a mortgage on land in Haskell county. Appellants filed their plea of privilege to be sued in Haskell county, which was properly controverted by appellee. The plea of privilege was filed on January 10, 1925, and the controverting affidavit was filed on January 23, 1925, and the matter set down for a hearing on March 14, 1925. On that day the plea of privilege was heard and it was overruled and a change of venue denied. Appellants offered no objection to the setting or hearing of the plea on March 14, and gave notice of appeal from the order. On March 24, 1925, the cause was heard on its merits and judgment rendered against appellants and in favor of appellee, for the amount sued for and a foreclosure of a lien on 234 acres of land in Haskell county. The judgment recites that the plea of privilege had theretofore been denied, but that no answer to the case on its merits had been filed. A request was made for a postponement of the trial pending the appeal from the order on the plea of privilege, which was not granted. The case is before this court on two appeal bonds and two transcripts.

[1, 2] It seems from the record that on February 20, 1925, because full notice of the filing of the controverting affidavit had not been given appellants, an order issued on February 7, 1925, denying the plea of privilege was set aside and the plea set down for a hearing on March 14, 1925, "without prejudice to the rights of any party to this suit, and that this order setting aside the previous judgment of the court on said controverting affidavit be without prejudice to the rights of either party hereto." The plea of privilege, with controverting affidavit, was heard and considered by the court on March 14, 1925, without any objection being urged by appellants; but they proceeded to trial on the plea of privilege. Appellants thereby waived any objections they may have had to the cause being set down for a hearing more than 60 days after the plea of privilege was filed, and any other irregularity in connection with the preliminary action of the court on the plea. Old v. Clark (Tex. Civ. App.) 271 S. W. 183. The court had the power and authority to set aside its first order on the plea of privilege. Towne v. Lattimore, 114 Tex. 511, 272 S. W. 435.

[3, 4] While the Revised Statutes of 1925 did not go into effect until September 1, 1925, and consequently article 2092, § 14, which is cited by appellee, could have no effect on this case, still section 7, of the Act of 1923, General Laws, p. 215, contains the

same items as are found in the new laws, and under its terms the court had the authority to postpone the hearing of the plea of privilege by agreement of the parties. It may be presumed that the parties agreed to postpone the hearing for the reason that appellants made no objection to such postponement until after the appeal had been perfected. They have waived their rights in that connection. They lost nothing by the postponement. The plea of privilege was passed on within 15 days after the controverting affidavit was filed, but the order afterward was set aside by the court on account of the irregularity and then set down for another hearing on March 14, 1925, 24 days after the first order was set aside. No objections were entered by appellants to this procedure. The order setting aside the former order on the plea of privilege was made on February 20, and after that it became necessary to give appellants 10 days' notice. The notice was served on February 23, and consequently the case could not be heard, at the earliest, before March 6th. It was set on March 14, which was legal and valid.

Appellants cite the case of Craig v. Pittman (Tex. Com. App.) 250 S. W. 667, which holds that a controverting affidavit must be filed or the plea of privilege must be granted. It does not apply to this case.

The cited case of Smith Grain Co. v. Windsor (Tex. Com. App.) 255 S. W. 158, holds that where the plea of privilege and trial on merits are heard at same term of court only one appeal need be taken. It does not touch the issues in this case.

[5] The case of Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298, is cited by appellants, but it sustains the action of the district court in connection with the plea of privilege. The court in that case held that the law is complied with if the plea of privilege is disposed of at the same term of court at which it was filed. That was done in this case.

[6] Appellants objected to the trial of the cause on its merits because they had already appealed from the order overruling the plea of privilege, but that plea was untenable. In the case of Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253, it was held by the Supreme Court that, under the statute, overruling a plea of privilege did not prevent a trial on the merits pending a plea from the order on the plea of privilege. A trial is suspended only in case the order appealed from sustains the plea. The same is held in Richards Med. Co. v. Avant (Tex. Civ. App.) 275 S. W. 260.

[7] The notes being payable in Dallas county, the suit was properly instituted there no matter where the land was situated against which a lien had been given, and which was sought to be foreclosed. The notes carried the venue with them as to the foreclosure of the lien given to secure the notes. Spikes v. Brown (Tex. Civ. App.) 49 S. W. 725.

No defense to the notes was offered by appellants.

The judgment is affirmed.