Lon D. Herbert, Alice, for appellee.

**SKINNER v. ALICE PIPE & SUPPLY CO.**

**No. 12402.**

Court of Civil Appeals of Texas.
San Antonio.

Sept. 3, 1952.

NORVELL, Justice.

This is another chapter on the venue phase of Mr. Skinner's water well. Milton Eoff drilled a well for A. C. Skinner upon the latter's ranch in Jim Wells County. Eoff secured the casing which he placed in the well from Alice Pipe and Supply Company. The well was not satisfactory to Mr. Skinner and he refused to pay for it. Thereupon Eoff failed to pay Alice Pipe and Supply Company for the pipe. Eoff sued Skinner in Jim Wells County, but the trial court ordered the suit transferred to Nueces County upon Skinner's plea of privilege. We affirmed that order. Eoff v. Skinner, 244 S.W.2d 991.

In the present suit Alice Pipe and Supply Company sued Eoff for the price

charged for pipe delivered to him and sought a foreclosure of a chattel mortgage lien against both Eoff and Skinner. Eoff, a resident of Victoria County, filed no plea of privilege and the trial court overruled Skinner's plea that he be sued in Nueces County, holding that venue was properly laid in Jim Wells County under exceptions 5 and 29a of Article 1995, Vernon's Ann. Civ.Stats.

After the appellant's brief had been filed, the record was corrected upon order of the trial judge, so as to show that plaintiff's Exhibit A was introduced in evidence. This Court then granted a motion allowing a supplemental transcript to be filed. This exhibit is an order and invoice covering 416 feet and eleven inches of 4½" outside diameter pipe, for which a charge of $270.47 was made. This order contains the words, "All Accounts and Invoices payable in Alice, Jim Wells County, Texas." The instrument on the back thereof contained a provision that, "The purchaser hereby agrees that the Alice Pipe and Supply Company shall retain title to all material covered by this sale invoice unless payment in full is made by the purchaser." Under the provisions of Article 5489, Vernon's Ann.Civ.Stats., this instrument was in legal effect a chattel mortgage.

Venue as to Eoff was properly laid in Jim Wells County under exception 5, which provides that:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Skinner was a "necessary party" to the suit within the meaning of that term as used in section 29a of Article 1995, which reads as follows:

"Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The evidence showed that the pipe was in a well on Skinner's ranch. Upon the hearing, his attorney stated that Skinner claimed no interest in the pipe and introduced in evidence a letter written to the attorney for Alice Pipe and Supply Company outlining certain conditions whereby the company could reclaim the pipe. These conditions were never accepted by appellee, which elected to proceed with its foreclosure suit.

We think the case is controlled by Pioneer Building and Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, 287, wherein the Supreme Court said:

"In the case at bar the plaintiff had the absolute right, as against the mortgagors, under subdivision 5 of Article 1995, to maintain a suit upon its note and to foreclose its lien in McLennan county. In order to secure that right and make fully effective a decree of foreclosure, Gray (to whom the makers of the note had transferred the property) was a necessary party. Without his presence in the suit no effective decree could be entered enforcing the rights which appellant had under his contract with the mortgagors."

The order appealed from is affirmed.