Clabert LE BOEUF et al., Appellants,

v.

J. C. DAVIS et al., Appellees.

No. 6708.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1957.

George T. Thomas, Big Spring, for appellants.

McWhorter, Cobb & Johnson, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an action brought by the appellees herein against the appellants upon a certain vendor's lien note seeking to foreclose a lien upon certain properties. The suit was brought in Lubbock County, Texas, and then appellants, defendants below, filed their Plea of Privilege seeking to have the case transferred to Howard County, Texas, where the property in question was situated. This is an appeal by the defendants, appellants herein, from the overruling by the trial court of defendants' Plea of Privilege. Appellants purchased from the appellees a Tourist Court located in Howard County, Texas, where the appellants resided and as a part of the purchase price executed and delivered to the appellee an instrument in the general form of a promissory note, which by its terms was payable in Lubbock County, Texas. The unpaid purchase price was secured by a vendor's lien retained in the deed from appellee to appellants and in a deed of trust executed by the appellants. It was the contention of appellants that the suit should not be maintained in Lubbock County, Texas, for the reason that both the alleged note and deed of trust contained a provision that in the event of default the appellants would not be personally liable or responsible in money or property for the deficiency. Appellee brought suit upon the alleged note in Lubbock County, Texas, alleging default on the part of the appellants in the payment of the installments specified by such alleged note and sought judgment on the note together with interest and attorneys' fees as therein specified and foreclosure of his vendor's lien and deed of trust lien. Appellants filed their Pleas of Privilege, alleged their residence to be in Howard County and also alleged that such cause of action was a suit for the recovery of land or to remove encumbrances upon the title of the land or to quiet the title of land within the provision of Subsection 14 of Article 1995 of the Revised Civil Statutes and therefore venue of such cause of action should be in Howard County. The appellee contended that this was a suit to recover upon a purchase note and for foreclosure of Vendor's Lien and Deed of Trust Lien and not a suit as covered by any of the provisions of Article 1995, Subsection 14, Vernon's Revised Civil Statutes,

but was such a suit as was controlled by Subsection 5 of Article 1995, which reads as follows: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Upon the hearing appellee introduced the note and deed of trust and the execution of such instruments was not denied by the appellants. The court overruled appellants' Plea of Privilege and from this order the appellants perfected this appeal upon one point of error which was as follows: "The Court erred in overruling defendants plea of privilege."

The main contention presented by the appellants herein is that because of the provision in the note where it is stated: "It is understood that the property herein described is the sole security for this note and that in the event of default, Clabert Le Boeuf and Essie Le Boeuf shall not be personally liable or responsible in money or property for deficiency on default," is such as to bring the suit under subdivision 14 of Article 1995 instead of subdivision 5 as contended by the appellees. Subdivision 14 being as follows: "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or part thereof, may lie."

■■ We do not construe the provision quoted in the note as meaning that the appellants were not liable in any manner upon the note sued upon but it could mean nothing more than that if after judgment and the foreclosure if the property did not bring as much as the note specified then appellants would not be responsible for any deficiency. This suit was not brought to recover any deficiency. The appellee brought suit upon the note for the purpose

of foreclosing the obligation of the appellants and this obligation was payable in Lubbock County and as stated by the Supreme Court in the case of Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123, "Let us suppose that the contracts had contained also an express provision for payment in X County. Few would then doubt that the suits would lie in X County." Then the court thereafter said that the essential obligation in a suit for venue purposes is that of payment, and certainly there can be no question in this case but what the payment was to be made in Lubbock County, Texas. See also the case of Smith v. Realty Trust Company Tex.Civ. App., 285 S.W. 907, 908 (writ refused), where the court says: "The notes being payable in Dallas county, the suit was properly instituted there no matter where the land was situated against which a lien had been given, and which was sought to be foreclosed. The notes carried the venue with them as to the foreclosure of the lien given to secure the notes. Spikes v. Brown (Tex.Civ.App.) 49 S.W. 725."

There was no contention made by the appellants that they did not execute the note in question and did not deny the execution and delivery of the lien given to secure such note, and the fact that there was a provision in the note and deed of trust, that the appellants would not be responsible for any deficiency, would not relieve them from being responsible upon the note, and it was the failure of the appellants to make the payments as provided for in the note and deed of trust that gave the appellee the right to seek relief, and certainly they were liable upon the note which they had agreed to pay in Lubbock County and the fact that the property might not sell under forced sale for as much as the face of the note in question would not relieve the appellants from being liable upon the note to the extent of whatever the property might bring. The fact that appellants defaulted in performing the contract they had entered into in writing to perform in Lubbock County would not defeat appellees'

right to sue upon the terms expressed in the contract.

We are of the opinion that the Trial Court properly overruled the Plea of Privilege and the judgment of the Trial Court is affirmed.