**V. W. CARLTON, Jr., Appellant,**

**v.**

**HOUSTON AGRICULTURAL CREDIT CORPORATION, Appellee.**

No. 11157.

Court of Civil Appeals of Texas.

Austin.

Feb. 26, 1964.

Rehearing Denied March 18, 1964.

**364**

Hutson & Cauthan, P. H. Cauthan, Jr.,
A. J. Hutson, Jr., Groveton, for appellant.

Price, Guinn, Veltmann & Skelton, Houston, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the Eleventh District Court of Harris County, Texas, overruling the plea of privilege of the appellant, V. W. Carlton, Jr. Suit was brought by appellee, Houston Agricultural Credit Corporation, on an indebtedness of $59,824.32, by virtue of eighteen (18) promissory notes executed by V. W. Carlton and wife, Aileen Ruth Carlton, all payable to appellee in Houston, Harris County, Texas, the county of suit, against Aileen Ruth Carlton, individually and as community survivor of the estate of herself and V. W. Carlton, deceased, and against her in such capacities, and also V. W. Carlton, Jr., for the foreclosure of seven (7) recorded chattel mortgages on various cows, cattle and other livestock described therein securing said notes, and for foreclosure of a deed of trust given by V. W. Carlton and wife, Aileen Ruth Carlton on 910 acres of land in Trinity County, Texas, securing said indebtedness, and as an incident to its foreclosure action, to set aside certain alleged conveyances as having been made in fraud of creditors, of which Houston Agricultural Credit Corporation was one.

The trial was had before the court on April 29, 1963 and judgment overruling said plea of privilege of appellant was entered on May 13, 1963. No findings of fact or conclusions of law were filed in the cause.

The appeal is predicated on four points assigned as error by the court in overruling appellant's motion to dismiss the controverting affidavit of appellee and in overruling the plea of privilege; because the controverting affidavit lacked the essential fact of verification; because the pleadings and the evidence show that appellee's cause of action to foreclose its deed of trust is a suit to remove an incumbrance upon the title to land in Trinity County, Texas, and such cause falls within the provisions of Section 14, Article 1995; and because appellee's cause of action seeking to establish and foreclose a "creditor's lien" upon all land conveyed to appellant, appellant is not a necessary party under the provisions of Section 29a, Article 1995.

Appellee takes a position that appellant waived his plea of privilege by filing, subsequent to the filing of the plea, his motion of V. W. Carlton, Jr. to quash commission to take deposition, invoking the general jurisdiction of the trial court to give him affirmative relief, not related to the plea of privilege; that the provisions of Rule 87, Texas Rules of Civil Procedure, is directory, and failure to have a prompt determination did not as a matter of law constitute a waiver of plaintiff's right to contest the plea of privilege; that the court did not abuse his discretion in overruling defendant's motion to dismiss the controverting affidavit and in hearing and in overruling the same; that appellee's original controverting affidavit was amendable, and such amendment related back to the original filing and superseded the prior filed controverting affidavit; such amended affidavit was properly verified and in proper form; venue is in the county of suit under Section 5, Article 1995, as to the signers of the notes, and V. W. Carlton, Jr. is a necessary party to the foreclosure under Section 29a in that he is an heir of V. W. Carlton, deceased and V. W. Carlton, Jr. claims title under a deed from his father and mother

covering the lands previously mortgaged to appellee and that since no findings of fact or conclusions of law were filed and made, the judgment should be affirmed on any grounds that support it, upon any theory in the case and every issue is to be resolved in support of the judgment.

■ We do not believe that appellant waived his plea of privilege by filing, subsequent to the filing of said plea, his motion to quash commission to take deposition which was filed May 27, 1961, in which the statement "having heretofore filed his plea of privilege" on March 11, 1963, appellant filed his motion "subject to his plea of privilege heretofore filed herein" to dismiss and strike the controverting affidavit by plaintiff for want of prosecution.

■ We believe that the controverting affidavit could be and was properly amended and the court was justified in considering such amended affidavit and also properly overruled the plea of privilege. 43-B Tex. Jur., Sec. 140, Pages 348–350; Continental Fire & Casualty Insurance Corporation v. Whitlock, Tex.Civ.App., 215 S.W.2d 657; Texan Meat Company v. Bob Inness Co., Tex.Civ.App., 308 S.W.2d 956, no writ history.

The original controverting affidavit was filed on June 7, 1961. After appellee had taken the depositions of V. W. Carlton, Jr. and Mrs. Aileen Ruth Carlton, it filed its First Amended Original Petition on April 12, 1963, and on the same day filed its amended controverting affidavit incorporating by reference its amended original petition and attached a comprehensive affidavit made by its president and no complaint is directed to such as to its contents.

■ Venue in this case is in Harris County, the suit having been filed therein under Section 5 of Article 1995, as to Aileen Ruth Carlton, individually and as community survivor of the estate of herself and V. W. Carlton, deceased, in connection with a series of notes payable to appellee in Harris County. V. W. Carlton, Jr. is a necessary party to the foreclosure suit under Section 29a, in that he is the owner as heir of his father, deceased, of the livestock described in the chattel mortgages, all executed by V. W. Carlton, and V. W. Carlton, Jr. is a necessary party because he claims title under a deed from V. W. Carlton and wife, covering lands previously mortgaged to appellee.

The suit was to foreclose certain chattel mortgages on certain livestock as described therein and to foreclose a deed of trust.

V. W. Carlton died on June 14, 1962, after the original petition had been filed intestate, and left as his sole surviving heirs his wife and his son, V. W. Carlton, who therefore owns an interest in the livestock, some of which were in the possession of V. W. Carlton, Jr., who testified that he knew the cattle were mortgaged to the corporation.

■ As we have previously stated V. W. Carlton, Jr. was claiming title to certain lands under a deed executed by V. W. Carlton and wife, Aileen Ruth Carlton, dated December 8, 1960, and is a necessary party to this suit. Section 5, Article 1995, V.A. C.S. Section 29a, Article 1995, V.A.C.S.

Pioneer Building & Loan Ass'n v. Gray et al, 132 Tex. 509, 125 S.W.2d 284, (Tex. Com.App., Sec. A, opinion adopted by the Supreme Court) is a landmark case on venue questions of necessary parties. We do not deem it essential to copy from this opinion its holding. Skinner v. Alice Pipe & Supply Co., Tex.Civ.App., 251 S.W.2d 752; Brewster v. Union State Bank, Tex. Civ.App., 347 S.W.2d 634; Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W. 2d 107, Supreme Court.

Appellant cites and relies on the case of Carlton v. Newton, Tex.Civ.App., 44 S.W. 2d 475.

In Bennett v. Langdeau, 362 S.W.2d 952, the Supreme Court held that the holding in Carlton v. Newton was unsound in principle.

In this instant case appellant asserts that he did not know of appellee's unrecorded deed of trust but the trial court overruled the plea of privilege and no findings of fact or conclusions of law were filed and there is an implied finding in support of the judgment that appellant did have actual notice of appellee's unrecorded deed of trust.

Appellant's father, V. W. Carlton, had been a borrower from appellee since 1948 and until 1959 had been prompt in his payments but after that he sold off all of his cattle which had been mortgaged to appellee except a few herd without appellee's consent and appellant helped to haul some of the cattle to an auction ring.

V. W. Carlton and wife deeded 910 acres to V. W. Carlton, Jr. and in so doing, together with the sale of the cattle, attempted to divest himself of all security for the debt to appellee.

Carol Frost, vice-president of appellee corporation, testified that at a conference between V. W. Carlton, Sr. in 1961 that V. W. Carlton, Sr. said:

"A 'I have disposed of the cattle and deeded the land to my son, and I am not scared of going to the penitentiary; I have discussed all of this with my family. They know all about it; I have made by peace with them. I AM READY TO TAKE ANYTHING YOU CAN GIVE ME.'

"Q Did you say whether he had any property of any kind left?

"A He said he didn't have anything left. . . We asked him why he did not bring his son (V. W. Carlton, Jr.) with him. He said 'I don't have to. I can act for him. He acts for me. WE KNOW EACH OTHER'S BUSINESS.'

"Q Did he tell you his son knew all about his business?

"A Yes."

Mrs. Carlton testified that she thought that the deed of trust had been paid off and that her son thought so too.

This being an appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319, Supreme Court.

The basic suit of appellee was one for judgment on the 18 promissory notes payable to appellee in Harris County and for foreclosure of certain chattel mortgages on certain cattle and a foreclosure of a deed of trust on 910 acres of land and as an incident to the foreclosure action to set aside the deed of conveyance as being in fraud of creditors, and to establish and foreclose a creditor's lien on such property.

V. W. Carlton, Jr. is a necessary party to this suit in order that the chattel mortgages could be foreclosed on against him as well as against his mother in the capacities mentioned and in order that a foreclosure could be had on the lands claimed by appellant in order to give appellee full relief.

Appellee does not claim any right, title or interest in the property other than a lien, and this type of action is not governed by exception 14, of Art. 1995.

The Supreme Court of Texas in Douglas v. First National Bank of El Dorado, 120 Tex. 631, 40 S.W.2d 801 (1931), opinion by Justice Greenwood, held that:

"There can be no doubt of the right of a creditor of an estate to enforce a specific lien on land which a deceased debtor has conveyed by a deed void for fraud as to such creditor, as against the fraudulent vendee and the administrator and heirs to the debtor's estate. While title passes to the vendee in the fraudulent conveyance, as against the debtor and his estate, and such vendee would receive any excess in the value

of the property conveyed over the debts chargeable against same, nevertheless, as to the defrauded creditor, the conveyance is void, and is denied any effect as prejudicing the lien of the creditor. * * *"

The judgment of the trial court is affirmed.

Affirmed.