Will D. Pace, Tyler, for appellants.

Seward & Heitman, Dallas, for appellee.

---

**Otis HAMPTON et ux., Appellants,**

v.

**ATLAS SUBSIDIARIES OF TEXAS, INC., Appellee.**

**No. 7301.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1971.

DIES, Chief Justice.

This is an appeal from an order overruling the plea of privilege of appellants Otis Hampton and wife. The parties will be referred to as in the trial court.

Plaintiff Atlas Subsidiaries of Texas, Inc., brought suit in Dallas County on a promissory note payable in Dallas County, Texas, and also to foreclose a mortgage lien for improvements to property situated in Smith County, Texas. Prior to the Dallas County suit, plaintiff had foreclosed on the same property by Trustee's Sale and Deed in Smith County, Texas. Defendants Hampton and wife contend that

under Exception 14 of Article 1995, Vernon's Ann.Civ.St., venue should be in Smith County, Texas.

*Article 1995, subd. 14:*

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ It is the settled law of this state that suit may be brought in a county on a note payable in that county and foreclosure had in the same suit to realty elsewhere than the county of venue. Spikes v. Brown, 49 S.W. 725 (Tex.Civ.App.1899); Carlton v. Houston Agricultural Credit Corporation, 376 S.W.2d 363 (Tex.Civ. App., Austin, 1964, error dism.); Smith v. Realty Trust Co., 285 S.W. 907 (Tex.Civ. App., San Antonio, 1926, error ref.); Sumner v. Jester, 252 S.W. 1088 (Tex.Civ.App., Beaumont, 1923, no writ).

■ If the prior foreclosure in Smith County changes this doctrine, under a theory of election or estoppel, this would be a defensive plea and one not raisable on a venue hearing. Trinity Universal Ins. Co. v. Soliz, 251 S.W.2d 904, 905 (Tex.Civ. App., San Antonio, 1952, mand. overr.):

" . . . it is not the purpose of a venue hearing to determine whether or not a defendant has a good defense to a plaintiff's claim. An inquiry into the validity of affirmative defenses such as waiver, estoppel or election, is not pertinent to a plea of privilege hearing."

See also Roadway Express v. Gaston, 90 S.W.2d 874, 880 (Tex.Civ.App., Texarkana, 1935, no writ); Ward v. Fairway Oil & Gas Company, 364 S.W.2d 452 (Tex.Civ. App., Texarkana, 1963, no writ):

"Appellant's single contention on appeal is to the effect that under the doctrine of judicial estoppel appellee could not rely on the written contract to fix venue in Smith County, Texas. This contention is not well taken. Judicial estoppel is an affirmative defense on the merits and not a venue fact." [citing authorities omitted];

and also 60 Tex.Jur.2d, Venue, § 200.

The order of the trial court is affirmed.