**NATIONAL ADVERTISING COMPANY and Edward A. Smith, Jr., Appellants,**

v.

**The AMERICAN BANK OF WACO, Appellee.**

No. 6374.

Court of Appeals of Texas, at Waco.

Sept. 30, 1981.

Rehearing Denied Oct. 29, 1981.

Philip E. McCleery, Sheehy, Lovelace & Mayfield, P. C., Waco, Stephen J. Smith, Leonard Z. Finger, Finger, Burg, Cohen & Forlano, Houston, for appellants.

Vernon L. Smith, Smith & Bratcher, Inc., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from order of the trial court overruling defendants' National Advertising Company and Edward A. Smith, Jr.'s, pleas of privilege.

Plaintiff American Bank filed suit in McLennan County against defendants James Tocker, Tocker Outdoor Advertising Co., Inc., National Advertising Company, and Edward A. Smith, Jr.

Plaintiff Bank alleged among other matters that it loaned defendants Tocker and Tocker, Inc., money for which the two Tocker defendants executed notes secured by the transfer of a lease the Tockers had on Lot 14, Block 6, Atwood Villas Addition to the City of Houston, to plaintiff; that the leased lot belonged in fee to defendant Smith; that plaintiff recorded its lease in the records of Harris County; that defendant Smith gave his written consent to the transfer of such lease; that thereafter defendants Tocker transferred the lease to defendant National and defendant Smith gave his written consent to this transfer; that defendants Tocker are in default some $510,669.00 on the notes they executed to plaintiff. Plaintiff Bank sought, among other matters, for judgment against the two Tocker defendants for $510,669.00, interest, attorney's fees, costs, and for foreclosure of its secured and collateral position in the lease on the Houston lot.

Plaintiff sought among other matters for foreclosure of its lien and collateral position in the lease on the Houston lot, against defendant National and against defendant Smith.

Defendant Smith filed plea of privilege to be sued in Harris County; and defendant National filed plea of privilege to be sued in Harris County, and alternatively in Dallas County.

The trial court overruled both defendant Smith's and defendant National's pleas of privilege.

Defendant Smith and defendant National appeal, asserting the trial court erred in overruling their pleas of privilege because:

1) This case falls within Subdivision 14 Article 1995 VATS which mandates venue in Harris County; 2) they were not necessary parties to the action brought by plaintiff against defendants Tocker in McLennan County; and 3) it was conclusively established that plaintiff's claims were fraudulently asserted for the purpose of fixing venue in McLennan County in that plaintiff knew or should have known it had no lien on the leasehold in Harris County.

The evidence reflects: Smith leased the land to the Tockers on July 1, 1978. The Tockers borrowed $96,000.00 from plaintiff Bank in August, 1978, to build a billboard on the property, representing that they would receive $7,200.00 per month for advertising on the billboard; with Smith's permission Tocker executed and delivered a "Transfer of Lease" to the Bank as security for the loan; the transfer provided it would be cancelled upon final payment of the loan by Tocker; the Bank recorded the transfer in the records of Harris County in September, 1978; Tocker (untruthfully) told Smith that the Bank had refused the loan; Smith gave permission for Tocker to assign the lease to National which was made in December, 1978; the Bank made subsequent loans of $485,000.00 to the Tockers. There is evidence that the lease on the Houston lot was assigned to the Bank as security; Tockers paid off the original loan of $96,-000.00 before this suit was filed but defaulted on the other loans. Smith's attorney wrote the Bank on November 20, 1980, that Smith was terminating lease of the lot to the Bank.

■ Whether the suit falls within Subdivision 14 is determined by the relief plead for in plaintiff's petition. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774; *Pinkston v. Johnson*, Tex.Civ.App. (Waco) NWH, 578 S.W.2d 184. The dominant purpose of plaintiff's suit was to secure judgment on notes and for foreclosure on the security.

■ It is the settled law of this State that suit may be brought in a county on a note payable in that county and foreclosure had in the same suit on realty elsewhere than the county of venue. *Hampton v. Atlas Subsidiaries of Texas, Inc.*, Tex.Civ.App. (Beaumont) NWH, 475 S.W.2d 407; *Carlton v. Houston Agricultural Credit Corp.*, Tex.Civ.App. (Austin) Er. Dismd., 376 S.W.2d 363; *Smith v. Realty Trust Co.*, Tex.Civ.App. (San Antonio) Er. Ref., 285 S.W. 907; *Sumner v. Jester*, Tex.Civ.App. (Beaumont) NWH, 252 S.W. 1088.

Subdivision 14 is not here applicable.

Venue is maintainable in McLennan County as to the Tockers under Subdivision 5, Article 1995.

■ National is in possession of the Houston lot, and holds by virtue of an assignment of lease on the property from Tocker executed subsequent to the assignment of lease Tocker executed to plaintiff Bank. National is a necessary party to plaintiff's receiving the relief it seeks, and venue is proper in McLennan County by virtue of Subdivision 29a, Article 1995. Since defendant Smith, the owner of the fee of the Houston lot, and lessor of the lot, notified plaintiff Bank on November 20, 1980, that he was terminating lease of the lot to the Bank, defendant Smith is likewise a necessary party under Subdivision 29a, Article 1995.

Thus, necessary parties to the foreclosure of security interest in the lease herein are the debtor (the Tockers), the possessor (National) and the owner of the title to the real estate (Smith). *Pioneer Building & Loan Ass'n v. Gray*, 132 Tex. 509, 125 S.W.2d 284.

There is evidence which the trial court was authorized to believe that the lease assigned by Tocker to plaintiff was properly continued as security for the subsequent loans. Thus, the trial court found there was no fraud.

Both appellants' points and contentions are overruled.

AFFIRMED.